UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUGENIE WRIGHT,<br>　　　　　　Plaintiff,<br><br>　　　　　v.<br><br>JO ANNE BARNHART,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | 04 Civ. 4103 (SCR)(MDF)<br><br>ORDER ACCEPTING<br>REPORT AND<br>RECOMMENDATION |

STEPHEN C. ROBINSON, District Judge:

　　　　This case was referred to Magistrate Judge Mark D. Fox for issuance of a report and recommendation for two cross motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Eugenie Wright (the "Plaintiff") brought this action to obtain judicial review of the final determination of the Commissioner of Social Security Administration (the "Commissioner") that denied Plaintiff's application for Disability Insurance Benefits.

　　　　For the reasons set forth below, the Court affirms Judge Fox's report and recommendation for judgment on the pleadings in favor of the Commissioner.

I. BACKGROUND

A. Procedural History

　　　　Plaintiff filed an application for Disability Insurance Benefits on February 21, 2001, and after the application was denied by initial determination, she made a timely appeal for a hearing. On April 18, 2002, Administrative Law Judge James B. Reap (the "ALJ") held a hearing in White Plains, New York. The ALJ issued a decision on April 24, 2002 (the "Decision") finding that Plaintiff was not disabled as defined by the Social Security Act, and was therefore not entitled to

1

Disability Insurance Benefits.  Though he ruled that Plaintiff's impairments are "'severe' based on the requirements in [ ] Regulations 20 CFR §404.1520(b)," he found that she could sit for up to six hours and stand or walk for up to two hours with occasional bending, stooping, kneeling, crouching, or crawling.  (Tr. 25-26).  Furthermore, the ALJ found that the Plaintiff has the residual capacity to lift, carry, push and pull up to ten pounds occasionally, and five pounds frequently.  Plaintiff's request for a review of the Decision by the Appeals Counsel of the Social Security Administration was denied on April 23, 2004.

Plaintiff brought this action for judicial review under 42 U.S.C. § 405(g) on June 1, 2004.  She claims that she is entitled to Disability Insurance Benefits because of her back pain, obesity, and diabetes mellitus.  The Commissioner moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  Plaintiff opposed the motion and cross-moved for judgment on the pleadings.  Judge Fox issued a report and recommendation in favor of the Commissioner on July 5, 2005.

B.  Facts

Plaintiff was fifty-five at the time of the Decision.  During the hearing, Plaintiff testified that she is a high school graduate and attended one year of business school.  She worked as an administrative assistant at Bell Atlantic until her retirement in 1995.  The job required her to sit for six hours per day, stand and walk for approximately 30 minutes each, and lift objects that weighed less than ten pounds.  From February 1996 through November 1998, Plaintiff worked as a security guard.  In November 1998 Plaintiff returned to Bell Atlantic, now called Verizon, where she worked as an administrative assistant until January 1, 2000.

In March 2000 Plaintiff underwent gall bladder surgery, and she resumed looking for employment in June. In November 2000, she received a position as a receptionist but was fired shortly thereafter because she could not stand for long periods of time as the job demanded. In the hearing before the ALJ, Plaintiff alleged the onset date of her disability was December 1, 2000.[1]

Plaintiff visited a general practitioner named Dr. S. Jonathan Siegel from February 1999 through September 2000, and once again on April 12, 2001. She received no medical treatment between September 2000 and April 2001. Therefore, most of the medical evidence in the record predates her December 1, 2000 disability onset date. Plaintiff's medical history indicates that she has chronic back pain, diabetes mellitus, and is severely overweight. A magnetic resonance imaging ("MRI") report of Plaintiff's lumbar spine, dated February 4, 1999, indicates Plaintiff has a narrowed L5-S1 disc space with a vacuum phenomenon.

i. Medical Evidence

On April 12, 2001, Plaintiff visited her treating physician, Dr. Siegel, and told him that she was applying for disability benefits as a result of her chronic back pain. Furthermore, she said that she was very depressed because she had been fired from her last job after working for only three weeks, and was living off minimal funds. Dr. Siegel observed that Plaintiff had gained weight and increased her smoking to a carton of cigarettes per week. Dr. Siegel's report of that session stated that Plaintiff's back pain, exacerbated by her weight gain, significantly limited her ability to function and work. Dr. Siegel also indicated in the report that Plaintiff's diabetes, though in control, could potentially worsen as a result of the weight gain.

---

[1] Plaintiff alleged an onset date of January 2, 2000 in her original application for Disability Insurance Benefits. In the hearing, however, Plaintiff amended her onset date to December 1, 2000 because she had been employed as a receptionist in November. Judge Fox notes that the Complaint alleges an onset date of January 2, 2000. Since Plaintiff consented to the December onset date, and none of Plaintiff's moving papers object to that date, the Court will consider her application as of December 1, 2000.

3

Dr. Siegel completed a medical questionnaire on May 31, 2001 and a functional assessment on June 1, 2001 in support of Plaintiff's claim for Disability Insurance Benefits. He wrote: "Ms. Wright is unable to work primarily because of chronic low back pain complicated by her numerous other medical problems." (Tr. 117). He indicated that she wears a lumbar support brace for pain relief, but does not require an orthopedic appliance to walk. His assessment stated that Plaintiff could sit for less than six hours per day, stand for two hours per day, and occasionally lift ten pounds.

On May 10, 2001, Dr. Vidya Doddi, a consulting physician for the Commissioner, evaluated Plaintiff's functional assessment. Dr. Doddi noted that Plaintiff's gait was slow but normal, and that she used a cane but could walk without it. According to Dr. Doddi, Plaintiff's back condition and weight made it difficult for her to undress and get off and on the examination table, but her muscle strength was normal, as was her range of motion for her spine, shoulders, elbows, wrists, hips, knees, and ankles, despite some spinal pain. A lumbar spine x-ray revealed that the "interspace at L5-S1 is severely narrowed with vacuum and mild anterior degenerative changes." (Tr. 125). Dr. Doddi believed that Plaintiff could sit without limitation, stand or walk with moderate limitation, and could do very light lifting, pulling, pushing, and carrying with frequent rest periods.

On April 2, 2002, Dr. Hiren Dave, who purchased Dr. Siegel's practice, completed a statement evaluating the Plaintiff's ability to perform work-related activities. He indicated that she could lift and/or carry ten pounds, could stand and/or walk at least two hours and sit for less than six hours during an eight-hour workday. She was frequently limited in her balance and ability to climb stairs, but only occasionally limited in her ability to kneel, crouch, or crawl.

Dr. Jean Shen, an acupuncturist, wrote an undated medical report.  Dr. Shen treated Plaintiff's back condition twice per week from October 28, 1999 through December 2, 1999.  She believed, in an eight-hour day, that Plaintiff could lift or carry objects weighing up to five pounds, stand or walk up to eight hours, and would have no limitation in sitting, pushing, or pulling.

II. STANDARD OF REVIEW

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  When neither party objects to the report and recommendation, courts in this District review such reports for clear error by the Magistrate Judge.  *See Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("to accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record") (citations omitted); *see also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous").  "Since Plaintiff in the instant case did not make a timely objection to the report and recommendation, this Court is not required to make a *de novo* determination as to the aspects of the report and recommendation to which objections were made.  28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 673-74 (1980); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

III. DISCUSSION

A party is entitled to judgment on the pleadings under Rule 12(c) if he or she can establish that no material facts are disputed and that he or she is entitled to judgment as a matter of law. *Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 521 (2d Cir. 2006).

Judicial review of a Social Security disability determination involves two levels of inquiry. *Tejeda v. Apfel*, 167 F.3d 770, 773 (2d Cir. 1999). First, the Court determines whether the Commissioner applied the correct legal standard in the disability hearing. *Id.*; *see also Johnson v. Bowen,* 817 F.2d 983, 986 (2d Cir. 1987). Second, the Court must review the record to determine whether the Commissioner's decision is supported by "substantial evidence." *Tejeda*, 167 F.3d at 773.

A.  Application of Correct Legal Standard

The first issue is whether the ALJ applied the correct legal standard. Failure to do so is grounds for reversal. *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984).

i. Determining Disability

The regulations passed by the Social Security Administration set forth a five-step process for determining disability. The Commissioner must find a claimant disabled under the Social Security Act if she determines "(1) that the claimant is not working, (2) that [s]he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in [her] prior type of work, [and] (5) there is not another type of work the claimant can do." *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002). It is not this Court's function to substitute its judgment of disability for that of the ALJ. *See Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

Judge Fox noted that the ALJ followed the five-step evaluation when he determined that Plaintiff was not disabled. The ALJ found that the Plaintiff had not worked since the onset of her disability. He found that she suffered from "a combination of severe impairments," including her

6

back pain, obesity, diabetes and asthma, but that these impairments did not "meet or equal" the criteria that conclusively requires a determination of disability under 20 C.F.R. § 404, Subpt. P, App. 1.  Finally, the ALJ found that the Plaintiff had the residual functional capacity to carry up to ten pounds, sit for up to six hours, and stand or walk for up to two hours with occasional bending, stooping, kneeling, and crouching.  Consequently the ALJ determined that Plaintiff was not disabled since none of her prior work activities were precluded by her determined residual functional capacity.  It was not clear error for Judge Fox to find that the ALJ applied the correct legal standard to the question of disability.

ii. Treating Physician Rule

Plaintiff's main grievance with the Decision is that the ALJ did not give the medical report of her treating physicians, Drs. Siegel and Dave, controlling weight.  Usually a treating physician's opinion deserves controlling weight.  *See* 20 C.F.R. § 404.1527(d)(2) (2006).  However, the treating physician's opinion does not get controlling weight when "other substantial evidence in the record conflicts with the treating physician's opinion."  *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999).  "The less consistent that opinion is with the record as a whole, the less weight it will be given."  *Id*.  Judge Fox reviewed the Decision under the four factors that must be considered when deciding whether a treating physician's opinion should be given controlling weight: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist."  *Clark v. Commissioner of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998).

In his decision, the ALJ indicated that he based the finding regarding Plaintiff's functional capacity on the statements made by Plaintiff in her own testimony, as well as the medical reports of Drs. Doddi and Shen.  Plaintiff testified that she has no pain while sitting and can sit for six and one half hours without a break.  She indicated that she still drives, cleans her home, and does other chores and hobbies around the house.  He rejected the opinions of Drs. Dave and Siegel because they were "wholly contradicted by the claimant's own acknowledged functional capacity."  (Tr. 24).  The ALJ rejected the treating physicians' analyses only as far as they conflicted with Plaintiff's testimony about how her impairments affected her functional capacity; he did not reject their medical diagnoses regarding Plaintiff's diabetes and back pain.

Plaintiff indicates that the ALJ mischaracterized her testimony.  She insists that she meant that she could only sit for over six hours on a single occasion, not every day.  Neither the ALJ nor Judge Fox found Plaintiff's claim credible.  Judge Fox reviewed the entirety of Plaintiff's testimony and found that she said she has no pain while sitting and can stand for a variety of tasks.  He found little support in the record for the functional limitations indicated by her treating physicians.  Drs. Siegel and Dave are both general practitioners and do not specialize in orthopedic medicine.  After the onset date, Plaintiff only saw Dr. Siegel on once occasion.  Dr. Dave, although technically a treating physician, only saw Plaintiff once, and as the ALJ stated, his diagnosis "essentially relied on the treatment notes of Dr. Siegel."  (Tr. 23).  The remainder of the medical evidence predates Plaintiff's onset date.  Furthermore, Judge Fox notes that although Plaintiff had her spinal injury since at least February 1999, Dr. Siegel did not indicate that she had any problem sitting until she filed for disability.  It was not clear error for Judge Fox to find that the ALJ correctly discounted the medical opinions of Drs. Siegel and Dave.

B.  Substantial Evidence

The Court must also review the record to determine whether the Commissioner's decision is supported by "substantial evidence." *Tejeda*, 167 F.3d at 773.  A decision is supported by substantial evidence when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) (*quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  When the Court looks for substantial evidence, it must "carefully consider[] the whole record, examining evidence from both sides." *Tejeda*, 167 F.3d at 774.

Judge Fox found the ALJ's decision to be supported by substantial evidence.  The ALJ relied on reports by Drs. Doddi and Shen, Plaintiff's examining physicians.  Dr. Doddi and Dr. Shen believed Plaintiff could sit without limitation and that she could stand or walk with moderate limitation.  The ALJ found Dr. Doddi's report highly probative because his opinion was based on comprehensive physical examination and radiographic studies of Plaintiff's lumbar spine.  Furthermore, both Dr. Doddi's and Dr. Shen's reports were consistent with Plaintiff's own account of her functional abilities.  Although the ALJ reviewed the conflicting opinions offered by Drs. Siegel and Dave, those opinions, appropriately, were not given controlling weight.  Therefore, it was not clear error for Judge Fox to find that the ALJ's decision was supported by substantial evidence in the record.

IV. CONCLUSION

Based on the foregoing, Judge Fox's well-reasoned report and recommendation is affirmed and the Commissioner's motion for judgment on the pleadings is GRANTED. The Plaintiff's cross-motion for judgment on the pleadings is DENIED. The Clerk of the Court is directed to close this case.

*It is so ordered.*

Dated: *February 6*, 2007
White Plains, New York

Stephen C. Robinson
United States District Judge